

Trevor J. Stefano
ACOMS # 506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687-7790
PH # 907-864-8100

RECEIVED OCT 09 2013
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

TREVOR J. STEFANO,
    Plaintiff,

v.

AMY RABEAU, Superintendent;
CHRIS OLSON; and
JASON BROWN, P.O. III,
    Defendants.

Case No. 3:13-cv-0198-TMB

## COMPLAINT AND JURY TRIAL DEMAND

### Jurisdiction

1. Federal Question jurisdiction is invoked under 28 U.S.C. § 1331 and Supplemental Jurisdiction is invoked under 28 U.S.C. § 1367.

### Parties

2. **Plaintiff** Trevor J. Stefano is a resident of Alaska, and a prisoner incarcerated under an Alaska judgment. Stefano is located at Goose Creek Correctional Center, P.O. Box 877790, Wasilla, Alaska 99687-7790

3. **Defendant No. 1** Amy Rabeau is the Superintendent at Goose Creek Correctional Center. Rabeau is located at Goose Creek Correctional Center, P.O. Box 877790, Wasilla, Alaska 99687-7790.

**Complaint**                                                                            Page 1 of 6
Stefano v. Rabeau, et al.

4. **Defendant No. 2** Chris Olson is hte Education Supervisor for the Dep't of Corrections. Olson is located at Office of the Commissioner, 515 E. Dahila Street, STE 240, Palmer, Alaska 99645.
5. **Defendant No. 3** Jason Brown is a level three probation officer for the Dep't of Corrections. Brown is located at Goose Creek Correctional Center, P.O. Box 877790, Wasilla, Alaska 99687-7790.

## CAUSE OF ACTION

### CLAIM 1: 42 U.S.C. § 1983 - RETALIATION

6. During the period of July 2012 through December 2012, Stefano filed several prisoner grievances and an Administrative Appeal in State Superior Court. See Aff. of T.J. Stefano, Exhibit B, ¶ 2 through ¶ 5.
7. On May 17, 2013, Stefano was fired from his job in the Education Department at Goose Creek Correctional Center for filing prisoner grievances and litigation in State Superior Court. See Aff. of Michelle Knittle, Exhibit A, ¶ 18 through ¶ 20.
8. Stefano's termination was because of his filing of prisoner grievances and litigation in State Superior Court. See Aff. of M. Knittle, Exhibit A, ¶ 18 through ¶ 20.
9. Stefano was placed in fear of filing anymore prisoner grievances until the issue could be resolved by this court. Initially Stefano filed this complaint in this Court under the case no. 3:13-cv-00175_SLG relying on old law that had allowed Retaliation complaints to be filed without exhaustion. Only upon learning that exhaustion was now required of any and all complaints did Stefano file the necessary prisoner grievances so that this cause of action

could be properly advanced. See Aff. of T. J. Stefano, Exhibit B, ¶ 20.

10. Stefano's termination served no ligitamate correctional goal, and was purely to try and keep Stefano from exercising his First Amendment right.
11. As principle or accomplice Amy Rabeau, Chris Olson, and Jason Brown did conspire to deny Trevor J. Stefano his First Amendment right to file prisoner grievances and litigation in State Superior Court. Title 42 U.S.C. § 1983 and Title 42 U.S.C. § 1985.

## CLAIM 2: 42 U.S.C. § 1983 - FIRST AMENDMENT

12. After obtaining permission to start a paralegal-I course through Adams State University, Stefano was denied access to the primary course book because it was a hardbound edition. See Aff. of T. J. Stefano, Exhibit B, ¶ 21.
13. Stefano had been previously allowed to retain a hardbound college text book in cell for use in another college course. See Aff. of T.J. Stefano, Exhibit B, ¶ 21.
14. After filing the necessary grievances to exhaust his administrative remedies, Stefano was approached by Sgt. Lovelace and informed that the Superintendent had directed him to seize the hardback book that was in his possession. See Aff. of T. J. Stefano, Exhibit B, ¶ 22.
15. Stefano was told that he would be able to access the book by checking it out from the education department, and using the book in the education department. id.
16. Stefano has made numerous attempts to obtain the book so that he can do the necessary course work, however, Stefano has been met with blocks every step of the way. See Aff. of T. J. Stefano, Exhibit B, ¶ 23 and 24.

Complaint  
Stefano v. Rabeau, et al.

17. On October 4, 2013, Stefano was told not to return to the education department to seek use of his hardback college book until told to do so by the education cooridanator. See Aff. of T. J. Stefano, Exhibit B, ¶ 25.
18. Amy Rabeau did violate Trevor J. Stefano's First Amendment right when she denied him access to a college text after approving him for the college course. Title 42 U.S.C. § 1983.

### CLAIM 3: Alaska Const. Art I , § 12
### RIGHT TO REHABILITATION

19. Stefano started an apprenticeship program in Spring Creek Correctional Center. This program promised Stefano that he would be able to obtain an Associates Degree if he could pay for the college classes that went with the degree program.
20. Most high level college classes require the use of hardback books, and Rabeau has used her power as the Superintendent of Goose Creek Correctional Center to prevent Stefano from access to his hardback college text.
21. Alaska Const. Art. I, § 12, provides that Stefano will have the right to receive rehabilitation while incarcerated.
22. Stefano sought that through a recognized rehabilitation apprenticeship program at Spring Creek.
23. The program allowed Stefano to receive 19 credits towards an Associates Degree.
24. Stefano has a limited amount of time to complete the rest of the required credit hours or he will loose his Associate Degree.
25. An Associates Degree will greately assist Stefano in making a seccessful transition back to the community as a productive member of that community.

26. Stefano will have to restart the entire process if impeded by Rabeau from obtaining the rest of the necessary credit hours required by a Degree seeking inmate because of the time limit on obtaining a degree.
27. Rabeau's attempts to discourage Stefano from obtaining his Associates Degree does not serve a ligitamate correctional goal.
28. Amy Rabeau has violated Stefano's Right to rehabilitation granted to Stefano under Article I, Section 12 of the Alaska Constitution.

## Jury Trial Demand

29. Stefano requests a jury trial.

## ADMINISTRATIVE RELIEF

30. There is a formal grievance procedure at Goose Creek Correctional Center, and Stefano did exhaust available administrative remedies.

## Prayer for Relief

WHEREFORE Trevor J. Stefano prays for judgment in favor of Stefano and against Defendants as follows:

a. compensatory damages in the amount of $ 500,000.00 from each of the defendants severally for each defendant;
b. punitive damages in an amount to be determined by a jury;
c. declatory relief stating that defendants violated Stefano's First Amendment right by retaliating against him for exercising his protected right;
d. for costs associated with this cause of action;
e. for any other relief that this court deems just and proper.

Complaint      Page 5 of 6
Stefano v. Rabeau, et al.

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true. I, Trevor J. Stefano, declare & certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: 10/6/13

_____
Trevor J. Stefano
ACOMS # 506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687-7790
PH # 907-864-8100

Trevor Stefano
ACOMS #506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, AK 99687

United States District Court
of Alaska
222 West 7th Ave
Anchorage, AK 99501