Trevor J. Stefano
ACOMS # 506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687-7790
PH # (907) 864-8100

RECEIVED

MAR 1 2 2014

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TREVOR J. STEFANO, )<br>     Plaintiff, )<br>     v. )<br>AMY RABEAU, et al., )<br>     Defendants. ) | Case No. 3:13-cv-00198-TMB |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF REQUEST FOR ADR, and NOTICE OF NON-COMPLIANCE WITH FED. R. CIV. P. 5(d)(1)**

Plaintiff Trevor J. Stefano in support of his motion would hereby like to show the Court the following:

## I. Information

This case originates from a claim of retaliation by Defendants. Stefano, a self-represented prisoner, filed a § 1983 complaint alleging that Amy Rabeau, Gary Olson, and Jason Brown, had retaliated against Stefano for having exercised his First Amendment rights. [Doc. 1] Stefano supported his complaint with an affidavit by Michelle Knittle, a former staff member of Goose Creek Correctional Center ("GCCC"). [Doc. 1-1]

This Court screened the complaint pursuant to 28 U.S.C. § 1915A, and directed service and response. [Doc. 7] Service was perfected

**Memorandum in Support ...**
Stefano v. Rabeau, et al.
Case No. 3:13-cv-00198-TMB

Page 1 of 4

by the United States Marshals Service on December 12, 2014. [Doc. 10] Defendants have answered. [Doc. 12]

On January 15, 2014, this Court issued a minute order directing Plaintiff to file with the Court a scheduling and planning report. [Doc. 13] The Court then amended that order and directed counsel for Defendants to file the report. [Doc. 14] Defendants then moved to vacate this order under Fed. R. Civ. P. 26(a)(1)(B)(iv). [Doc. 15] Counsel for Defendants did not serve Stefano with a copy of that document as is required by Fed. R. Civ. P. 5(d)(1). This Court granted Defendants Motion to Vacate, and issued the scheduling order. [Doc. 16]

Stefano applied for the Theraputic Living Community ("TLC") at Palmer Correctional Center ("PCC") which is a faith-based rehabilitative program. [Affidavit of Trevor J. Stefano, pp. 1-2] On February 5, 2014, Stefano participated in a telephonic interview with Chaplain Dean in which Chaplain Barney Swaney was present. [Aff. Stefano, p.2] At the conclusion of the interview Chaplain Dean told Stefano what to expect when he arrived at the program. id.

On February 7, 2014, Stefano was reviewing his institutional file with probation officer Garner when he saw an **Administrative Transfer Order** approving him for transfer to the TLC program. [Exhibit A]

On February 11, 2014, Stefano was approached by Chaplain Swaney who informed Stefano that he was accepted into, and approved for transfer, to the TLC program contingent on Stefano fully resolving this lawsuit. [Aff. Stefano, p.2]

Based on Chaplain Swaney's statement Stefano filed for ADR with this Court on February 12, 2014. It was Stefano's intention to settle the case for a written agreement that he would be transferred to the TLC program — a transfer ▓▓▓▓▓▓▓▓▓▓ which was already approved contingent on settlement. id. Stefano

**Memorandum in Support ...**
Stefano v. Rabeau, et al.
Case No. 3:13-cv-00198-TMB

Page 2 of 4

wanted the Court's involvement because he felt that this might
be a ploy by the Defendants to get him to drop the case, and as
it would be the second voluntary dismissal it would be on the merits
preventing Stefano from refiling the action if the Department failed
to uphold their promise. id. Stefano additionally offered to bear
his own costs associated with this action. id. at 4. Under the
circumstances Stefano did not believe that opposing counsel would
oppose the request for ADR.

On about March 7, 2014, Stefano received this Court's order
denying the request for ADR. [Doc. 20] Stefano learned that the
Defendants had opposed the request; however, since Stefano had
never been served with a copy of the opposition at Document 18,
Stefano sought out I/M Billy Jack Wiglesworth who Stefano knew
had access to PACER through his mother. Wiglesworth called home and
learned what the opposition at Document 18 contained. [Affidavit
of Billy Jack Wiglesworth, pp. 1-2] As the statement made by opposing
counsel is contrary to the offer made by the Department, Stefano
seeks reconsideration of this Court's order dated March 6, 2014,
denying ADR. Stefano does bear in mind that this Court's order
was based on the unavailability of a judge to conduct settlement
negotiations. However, because this Court's order was also based
in part on opposing counsel's misstatement regarding the Defendant's
desire to settle — a misstatement that could have been corrected
had Mr. Cicotte served Stefano with a copy of his opposition — the
Court may wish to reconsider its position in light of this
information.

II. Discussion

Fed. R. Civ. P. 5(d)(1) requires any party filing a document
with this Court — after service of the complaint — to serve upon
the opposing party a copy of that document. Here, opposing counsel
did not serve Stefano with two different documents, of which Document

**Memorandum in Support ...**
Stefano v. Rabeau, et al.
Case No. 3:13-cv-00198-TMB

Page 3 of 4

18 is relevant to this inquiry. Stefano asserts that had he been served with Mr. Cicotte's opposition to the request for ADR, Stefano would have been able to show the Court that the Department, in fact, did want to resolve the action for the relief that Stefano sought, and that Mr. Cicotte made a material misstatement regarding this fact. While ultimately a judge may still have been unavailable to conduct settlement negotiations at this moment, Stefano believes that this Court should have been able to make its decision with the full facts in front of the Court, facts that were ultimately suppressed by Mr. Cicotte's failure to serve Stefano with a copy of his opposition.

Stefano still stands by his offer to settle this action for transfer to the TLC program, and will even bear his own costs of this litigation if the Defendants also bear their own costs. Stefano only requests that this Court approve the settlement so that Stefano will have some protection in the event that the Department breaches the agreement.

### III. Conclusion

For the foregoing reasons Stefano respectfully requests this Court to reconsider its order denying ADR.

DATED at WASILLA, ALASKA this 9TH day of March, 2014.

*[signature]*
Trevor J. Stefano
ACOMS # 506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687-7790
PH # (907) 864-8100

**Memorandum in Support ...**
Stefano v. Rabeau, et al.
Case No. 3:13-cv-00198-TMB

Page 4 of 4